IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SUWANNEE WILLIAMS, | § § § | |
| Petitioner, | § § | |
| v. | § § | 2:22-CV-044-Z-BR |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS**

Petitioner, Suwannee Williams, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that the motion should be DISMISSED as untimely.

BACKGROUND

The record in the underlying criminal case reflects the following:

On February 21, 2018, Petitioner and two sons were named in a two-count indictment charging them in count one with conspiracy to distribute and possess with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marihuana, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marihuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). (CR ECF 43). Petitioner initially entered a plea of not guilty. (CR ECF 52). On July 3, 2018, Petitioner was named in a one-count superseding information charging her with possession with intent to distribute marihuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). (CR ECF 94). Petitioner and her counsel

signed a waiver of indictment (CR ECF 104), a plea agreement (CR ECF 105), and a factual resume (CR ECF 106). She entered a plea of guilty to the superseding information and testified under oath as to the facts establishing her guilt and the voluntariness of her plea. (CR ECF 154). On October 15, 2018, the Court sentenced Petitioner to a term of imprisonment of 30 months, to be followed by a two-year term of supervision. (CR ECF 140). She did not appeal.

On March 14, 2022, Petitioner filed her motion in this action. (ECF 1).

## GROUNDS OF THE MOTION

Petitioner purports to set forth three grounds in support of her motion. The first ground is simply that her motion is not time-barred. The second is that she received ineffective assistance because her attorney failed to advise her that her guilty plea would subject her to deportation. The third is that her plea was not knowing, intelligent, and voluntary. (ECF 1 at 7).

## STANDARDS OF REVIEW

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

*Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B.  <u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

3

C. Limitations

"Section 2255 provides relief for a petitioner who can establish either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

ANALYSIS

The one-year period of limitations began running when the time for filing a notice of appeal expired on October 30, 2018. *Pratt v. United States*, No. 3:16-CV-1385-L, 2017 WL 3636097 (N.D. Tex. July 3, 2017). Petitioner did not file her motion until March 2022. (ECF 1). She argues, nevertheless, that the motion should be considered timely.

Petitioner first argues that her motion is not time-barred because she is actually innocent. As the Supreme Court has noted, however, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner can meet the burden of showing actual innocence only by showing that "in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support her allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In assessing the claims, the court may consider how the timing of the submission and the likely credibility of petitioner's affiants bear on the probable reliability of the evidence. *McQuiggin*, 569 U.S. at 386–87, 399–400.

Here, the alleged "new evidence" upon which Petitioner relies is testimony of her two co-defendant sons given in an immigration proceeding long after the deadline for the filing of her Section 2255 motion had passed. The contention that their testimony is "new evidence" is incredible to say the least. Petitioner does not present any evidence to show that her sons could not have testified on her behalf at any time before June 21, 2021. She and her sons were in the car together when they were arrested. Surely the sons would have testified on behalf of their mother rather than let her be imprisoned for a crime she now claims she did not commit. Evidence is not

"new" if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Another reason that the actual innocence gateway does not apply here is that Petitioner entered a knowing and voluntary guilty plea. *See Craddock v. Lumpkin*, No. 4:22-CV-519-P, 2023 WL 2429497, at *6 (N.D. Tex. Mar. 9, 2023) (citing cases). Her plea agreement, factual resume, and sworn testimony at reaaraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). The skimpy evidence she now offers is insufficient to raise a genuine fact issue, much less establish that no reasonable juror would have found her guilty.

Petitioner additionally argues that she should be entitled to equitable tolling, which applies only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, Petitioner must show that she was pursuing her rights diligently and that some extraordinary circumstance stood in her way and prevented the timely filing of her motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). A petitioner's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the petitioner from timely filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to the pandemic, the prison mail systems were not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (citing

cases).

Here, Petitioner alleges that the impediment to her timely filing her motion was her attorney's failure to fully inform her of the immigration consequences of her plea agreement. The record belies this claim. In particular, Petitioner testified under oath that she understood that her guilty plea might prevent her from ever becoming a citizen of the United States and might subject her to deportation after serving a term of imprisonment. (CR ECF 154 at 11). The probation officer noted in the PSR that Petitioner wanted to plead guilty regardless of the immigration consequences, which she assumed for purposes of her plea could include deportation. (CR ECF 124, ¶ 7). Her attorney pointed out at sentencing that Petitioner understood that she might be deported. (CR ECF 155 at 5). In any event, nothing her attorney is alleged to have said or done prevented her from filing any challenge to her conviction in a timely manner. Petitioner's ignorance of the law is no excuse.[1]

As for diligence, Petitioner admits that on January 4, 2021, the U.S. Department of Homeland Security served her with a notice to appear. She had a hearing on June 21, 2021, and was adjudged subject to removal due to her conviction. Yet, she did nothing whatsoever to pursue relief in this Court from entry of the judgment against her until the Board of Immigration Appeals denied her appeal on December 23, 2021. She did not file her motion until March 14, 2022. (ECF 1, 2). She is not entitled to equitable tolling.

Petitioner alternatively asks that the Court convert her Section 2255 motion to a *coram nobis* petition. (ECF 9 at 7–9). *Coram nobis* is an extraordinary remedy that will issue only when no other remedy is available and when sound reasons exist for the failure to seek appropriate relief

---

[1] Petitioner now quibbles about the language of the plea agreement stating that no one could predict to a certainty the effect of the conviction. (ECF 2-14 at 1). The point is that Petitioner acknowledged that she might be deported. No one could predict with certainty that she would be. That was a chance she knowingly took when she pleaded guilty.

7

earlier. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). A prerequisite to seeking such relief is the exercise of "reasonable diligence in seeking prompt relief." *Chico v. United States*, 703 F. App'x 292, 293 (5th Cir. 2017) (quoting *United States v. Dyer*, 136 F.3d 417, 427 (5th Cir. 1998)). For the reasons previously discussed, Petitioner failed to exercise reasonable diligence. At the latest, she knew upon issuance of the PSR that deportation was a possibility. She definitely knew in January 2021 when immigration officials served her with notice of removal proceedings. There is no sound reason for the failure to have sought relief earlier.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Suwannee Williams, be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

ENTERED November 1, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).